```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA        :    PROTECTIVE ORDER

          -v.-                  :    21 Cr. 217 (PGG)

STUART FINKELSTEIN,             :

               Defendant.       :

- - - - - - - - - - - - - - - - x
```

On the motion of the United States of America, by the United States Attorney for the Southern District of New York, Audrey Strauss, by Assistant United States Attorney Rushmi Bhaskaran; and with the consent of STUART FINKELSTEIN, the defendant, by and through his counsel of record, Brian Griffin:

WHEREAS, STUART FINKELSTEIN, the defendant, has certain rights to pretrial discovery under the United States Constitution, federal statutes, and the Federal Rules of Criminal Procedure;

WHEREAS, the Government recognizes its obligation to provide such discovery materials to the defendant, consistent with the need to protect the confidentiality of ongoing investigations and the confidentiality interests of others;

WHEREAS, the discovery that the Government intends to provide to the defendant contain materials that, if disseminated to third parties, could, among other things, impede ongoing investigations

and implicate the privacy and confidentiality interests of third parties;

WHEREAS, the Government has demonstrated good cause for the relief set forth herein;

WHEREAS, STUART FINKELSTEIN, the defendant, by and through his counsel of record, Brian Griffin, consents to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, pursuant to Federal Rule of Criminal Procedure 16(d):

1. The Government shall designate certain discovery materials produced in this case as "Protected Materials," which may be used by the defendant, his counsel of record, and his counsel's agents (collectively, the "Defense") only for purposes of defending the charges, in connection with any sentencing, and pursuing any appeals, in relation to this criminal action.

2. The Protected Materials and the information contained or disclosed therein shall not be disclosed in any form by the Defense to any third party except as set forth in paragraphs 3 and 4 below.

3. The Protected Materials may be disclosed to third parties only by the defendant's counsel of record and only to the following persons (collectively, "Designated Persons"):

    a. investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the

defendant's counsel of record and who are participating in the legal defense of this action;

      b.   independent expert witnesses, jury consultants, document hosting personnel, investigators retained by the defendant in connection with this action, and other potential witnesses for the Defense and their counsel; and

      c.   such other persons as hereafter may be authorized by the Court upon a motion by the defendant.

    4.   The Defense shall provide a copy of this Order to Designated Persons to whom materials subject to the protections of this Order are disclosed pursuant to paragraph 3. Designated Persons shall be subject to the terms of this Order, and may not disclose the Protected Materials to any third party.

    5.   The Protected Materials shall be destroyed or returned to the Government by the Defense and the Designated Persons following the conclusion of this case, including after any appeals.

    6.   The defendant, his counsel, and Designated Persons shall not disclose Protected Materials to members of the media, nor shall the defendant, his counsel, and Designated Persons post any Protected Materials on any Internet or network site (such as Facebook, Twitter, Instagram, and other social networking and media sites and applications) to which persons other than the defendant, his counsel, and Designated Persons have access.

7. With respect to any Protected Materials that the Defense intends to file publicly or to specifically describe in a public filing, the defendant must either (i) file the discovery material under seal, or (ii) provide reasonable notice to the Government to permit the parties to confer on the proper treatment of the discovery material. If the parties are unable to reach agreement as to whether redactions to the public filings are warranted, or to the extent of such redactions, the parties will seek Court resolution before the document is publicly filed or specifically described in a public filing.

8. This Order places no restriction on the defendant's use or disclosure of materials:

    a. contained in the defendant's own electronic devices and accounts (e.g., email, social media, iCloud);

    b. in the defendant's possession prior to their production by the Government;

    c. that the defendant obtains from an independent source that did not improperly obtain the materials in violation of this Order; or

    d. that is publicly available.

9. Any disputes concerning this Order, which cannot be resolved among the parties, will be brought to the Court for a ruling before any public disclosure of Protected Materials is made.

Dated:   New York, New York
         May 12, 2021

SO ORDERED:

_____
THE HONORABLE PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE