U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 25, 2021

**BY ECF**
Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

  Re: *United States v. Stuart Finkelstein*, 21 Cr. 217 (PGG)

Dear Judge Gardephe:

  The Government writes respectfully to apprise the Court of the parties' discussions as to whether they can reach a stipulation that would allow Mr. Griffin to continue his representation of the defendant. Having conferred in good faith, the parties do not believe that such a stipulation is possible.

  Although the Government agrees that Mr. Griffin was a conduit for information provided to him by the defendant, there is a dispute concerning the nature of the discussions that took place between Mr. Griffin and Attorney-3. *Compare* ECF No. 43, Defendant's May 4, 2021 Letter to Judge Gardephe at 2 ("During the course of my representation, one of the attorneys who had requested a hearing indicated that he would prefer to settle the matter. . . . The case was settled.") *with* ECF No. 44, Government's May 4, 2021 Letter to Judge Gardephe, at 2 ("Rather than appear for that hearing, the defendant, through Mr. Griffin, informed [Attorney-3] that [the defendant] would give back some of the settlement money from the lawsuit if Restaurant-2 withdrew its request for a hearing."). The Government believes that this dispute could bear on the jury's determination as to whether those discussions were merely routine civil settlement discussions, as the defense has argued, or an effort by Mr. Finkelstein to obstruct justice, as the Government submits. Only Mr. Griffin and Attorney-3 were privy to these discussions. Therefore, for the defense to advance its theory, Mr. Griffin would have to testify on his client's behalf, and/or Mr. Griffin would have to cross-examine Attorney-3 on the basis of Mr. Griffin's personal recollections of those conversations. In either case, Mr. Griffin would become a sworn or unsworn witness whose disqualification, in the Government's view, would become necessary. *See United States v. Locascio*, 6 F.3d 924, 933 (2d Cir. 1993); *United States v. Kliti*, 156 F.3d 150, 156 (2d Cir. 1998).

  Because the parties cannot reach a stipulation, the Government respectfully submits that the Court should disqualify Mr. Griffin from his representation of the defendant.

               Respectfully submitted,

               AUDREY STRAUSS
               United States Attorney

by: _____
               Rushmi Bhaskaran
               Assistant United States Attorney
               (212) 637-2439

cc:  Brian Griffin, Esq. (by ECF)