

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 7, 2022

**BY ECF**
Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

     Re:    *United States v. Stuart Finkelstein*, 21 Cr. 217 (PGG)

Dear Judge Gardephe:

     The Government respectfully writes to apprise the Court of recent developments regarding Finkelstein's violation of his bail condition to not "initiate new ADA actions (whether or not counsel of record)" (the "ADA Condition"). (Dkt. 6, at 6). As explained in more detail below, Finkelstein violated the ADA Condition by initiating a new ADA lawsuit on January 28, 2022; however, on March 5, 2022, after the Government discussed the violation with defense counsel, Finkelstein sought to address it by withdrawing the offending lawsuit. In light of the foregoing, and to the extent that there was any ambiguity as to the scope of the ADA Condition, the Government respectfully requests that the Court modify the ADA Condition to prohibit Finkelstein from filing or initiating any ADA lawsuits or seeking to reopen any previously dismissed ADA lawsuits.

     I.    Relevant Background

     On or about November 27, 2018, Finkelstein filed *Antoloni v. Brue et al.*, 18 Civ. 11070 (GBD) ("*Brue I*"), alleging, *inter alia,* various violations of the ADA. Finkelstein dismissed that lawsuit, before reaching a settlement with the defendants, on or about February 17, 2019.

     On or about November 25, 2019, Finkelstein was arrested on a complaint, charging him with various offenses related to the Government's allegations that he filed fraudulent lawsuits under the ADA. After an initial presentment in the Southern District of Florida—Finkelstein's district of residence—Finkelstein was presented on the complaint in this District on December 3, 2019 before the Honorable Barbara Moses. The ADA Condition was set at that time and has not been modified since then.

     On or about October 7, 2021, Finkelstein filed a letter in *Brue I* seeking to reopen that lawsuit. Judge Daniels denied that request on November 16, 2021. Then, on or about January 28, 2022, Finkelstein initiated a new lawsuit, *Antolini v. Brue et al.*, 22 Civ 730 (PAE-RWL) ("*Brue II*"). That lawsuit alleged, among other things, that the defendants in that case had not made accessibility remediations that they had previously promised to make, and that the plaintiff

suffered injury under the ADA as recently as September 2021. *Brue II* also added two additional defendants. To the Government's knowledge, Finkelstein made no effort to confer with his pretrial services officer regarding his efforts to reopen *Brue I*, or the initiation of *Brue II*.

On February 1, 2022, Judge Lehrburger issued an order to show cause requiring Finkelstein to explain why the initiation of *Brue II* did not violate his bail conditions. Finkelstein responded to that order on February 4, 2022, arguing that, because the principle of claim preclusion and related law would not bar *Brue II*, *Brue II* was not a "new action" and did not violate the ADA Condition.[1] Judge Lehrburger stayed *Brue II* and requested the Government's position on these matters.

On or about March 5, 2022, after the Government had informed Finkelstein's counsel of its position that *Brue II* violated the ADA Condition, Finkelstein filed a notice to dismiss *Brue II*.

II.   The Government's Requested Bail Modification

Finkelstein's initiation of *Brue II* violated his bail condition to "not initiate new ADA actions (whether or not counsel of record)." *Brue II* is new in several respects: it has a new judge, caption, claims, and defendants. Because Finkelstein dismissed *Brue II*, however, the Government (in consultation with pretrial services) submits that the Court's response to the defendant's violation can be limited to modifying the ADA Condition. Specifically, the Government requests, with no objection from defense counsel, that the ADA Condition be amended as follows: "Defendant may not file or initiate any ADA lawsuits, or seek to reopen any previously-dismissed ADA lawsuits, whether or not as counsel of record."

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____
Rushmi Bhaskaran
Assistant United States Attorney
(212) 637-2439

cc:   David Bertan, Esq. (by ECF)
      Steven Boose, Pretrial Services Officer (by E-mail)

---

[1] The plain terms of the ADA Condition, however, do not speak to whether the action is permitted as a matter of civil law; instead, it makes clear that Finkelstein is not to initiate any new ADA lawsuits. Indeed, that Finkelstein first sought to reopen *Brue I* by amending the original complaint in that lawsuit suggests that Finkelstein understood the ADA Condition but sought to circumvent it. If Finkelstein believed there was any ambiguity about the scope of the ADA Condition, he should have sought clarification from his pretrial services officer, which he did not do.