UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- against -

STUART FINKELSTEIN,

               Defendant.

**ORDER**

21 Cr. 217 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

      Finkelstein's sentencing is scheduled for Thursday, August 3, 2023.  (Dkt. No. 101)

      According to the PSR, Finkelstein, who had been licensed to practice law in New York, was disbarred in 2007, after submitting his resignation.  The order of disbarment required him to "'desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law of its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at law.'"  (PSR (Dkt. No. 86) ¶ 17 (quoting disbarment order))

      After being disbarred, Finkelstein moved to Florida, where he worked as a "consultant" for Mark Cohen, a lawyer licensed in Florida, and, through Cohen's office, caused numerous fraudulent ADA lawsuits to be filed.  (Id. ¶¶ 18-23)

      Paragraph 24 of the PSR states:

> Records maintained by the Appellate Division of the Supreme Court of the State of New York, Second Judicial Department, in Brooklyn, New York revealed that in approximately September 2014, STUART FINKELSTEIN moved for reinstatement to the New York State Bar.  In connection with that motion, FINKELSTEIN made or caused to be made several false representations concerning FINKELSTEIN's work history in Florida.  For example,

> FINKELSTEIN's motion stated, falsely, that following his 2007 disbarment, he "neither practiced nor held himself out as a lawyer while disbarred." In describing his employment history in Florida, FINKELSTEIN made no mention of the fact that he assisted Attorney-1 in litigating ADA claims. FINKELSTEIN also included his 2013 tax returns as an attachment to his application, which omitted the income that Attorney-1 paid FINKELSTEIN or a company that FINKLESTEIN established to receive[] payments from Attorney-1.

(Id. ¶ 24)

Finkelstein has objected to this paragraph of the PSR. He states that he

> did not litigate matters in Florida. He assisted Mark Cohen, acting as a paralegal. He did not sign any litigation documents, as he was not admitted to practice. With regard to reporting income, Mr. Finkelstein, to the best of his recollection, reported all of his income, from all sources, in 2013 but he may not have specifically ascribed the source of the income.

(Id. at p. 22)

The Government responds that paragraph 24 of the PSR is

> [a]ccurate as written. At [an evidentiary hearing pursuant to United States v. Fatico, 603 F.2d 1053 (2d Cir. 1979)], we would show that Finkelstein acted as an expert in ADA litigation and negotiated settlements. His tax returns to [the] NY bar also omitted the income he received from his ADA work

(Id.)

By **Tuesday, August 1, 2023 at 12:00 p.m.**, the Government will submit evidence in support of its response to Finkelstein's objection to paragraph 24 of the PSR – i.e., evidence that Finkelstein (1) "acted as an expert in ADA litigation and negotiated settlements" while working for Cohen's law firm in Florida, and (2) "omitted the income he received from his ADA work" from the tax documents he submitted to the New York Bar in support of his application for reinstatement.

Dated: New York, New York
       July 30, 2023

SO ORDERED.

*[signature: Paul S. Gardephe]*

Paul G. Gardephe
United States District Judge