

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

August 1, 2023

**BY ECF / EMAIL**
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    ***United States v. Stuart Finkelstein*, 21 Cr. 217 (PGG)**

Dear Judge Gardephe:

        The Government respectfully submits this letter in response to the Court's July 30, 2023 order (ECF No. 105) directing the Government to submit evidence that Finkelstein: (1) acted as an expert in ADA litigation and negotiated settlements while working for Attorney-1 ("Point 1"); and (2) omitted income from his ADA work when seeking readmission to the New York Bar ("Point 2").

        With respect to Point 1, the Government attaches as Exhibit A notes from an interview of Attorney-1.[1]  If the Court were to hold a *Fatico* hearing, the Government would expect Attorney-1 to testify, consistent with these notes, that Finkelstein was "paid to visit sites" and "be the expert on ADA. . .compliance requirements."  (Ex. A, at SF_000046); (*see also id.* at SF_000047 ("eventually [Finkelstein] became the expert").  Furthermore, the Government expects that Attorney-1 would testify that Finkelstein negotiated settlements approximately 25% of the time. (*Id.* at SF_000046).  Finkelstein's involvement in negotiating settlements for Attorney-1 is corroborated by emails, which are attached as Exhibit B.  While Finkelstein did not directly communicate with opposing counsel in these emails, he directed another attorney ("Attorney-2") working for Attorney-1 to do so.  For example, on August 24, 2015, Finkelstein told Attorney-2 to "tell [opposing counsel] to simply make [t]he correction by handwriting, initial it, as we will as we [*sic*] will not put in more hours into this FOR HIS MISTAKE.  Please let me see the email before sending out with the above response."  (Ex. B, at USAO_016816) (emphasis in original). The following day, Attorney-2 suggested to Finkelstein that they should wait until Attorney-1 returns from a deposition before responding to opposing counsel.  (*Id.* at USAO_016822). Demonstrating his authority to negotiate settlements and his apparent supervisory role over

---

[1]      The Government respectfully requests permission to file Exhibits A through D under seal, as they contain the defendant's personal information or the name of Victim-1.

Hon. Paul G. Gardephe
August 1, 2023
Page 2

Attorney-2, Finkelstein told Attorney-2 to "just send it now and see what the response so it all comes to a head when [Attorney-1] comes in tomm."). (*Id.*). Attorney-2 then drafts an email to send to opposing counsel, which Finkelstein approves by responding, "good to go." (*Id.*)

   With respect to Point 2, the Government attaches, as Exhibit C, the tax returns that Finkelstein submitted in connection with his reapplication to the New York Bar, and as Exhibit D, Finkelstein's 2013 Form 1099-Misc from Attorney-1. To hide his work with Attorney-1, Finkelstein appears to have supplied Attorney-1 with a fictitious social security number: the social security number listed on Finkelstein's 2013 Form 1099-Misc from Attorney-1 is different from the social security number on Finkelstein's 2013 Form 1040. (*Compare* Ex. D, at 1 *with* Ex. C, at USAO_019539). Furthermore, on line 21 ("Other Income. List type and amount") of his 2013 returns, Finkelstein reported a net operating loss from a prior year of $215,524. (Ex. C at USAO_019539). This net operating loss is the same loss that Finkelstein reported on line 40 of his 2012 Form 1040. (*Id.* at USAO_ 019528). However, as reported in the 1099-Misc from Attorney-1 (Ex. D, at 1), Finkelstein made $35,835.20 in 2013 from Attorney-1—and this income does not appear to be reflected anywhere in Finkelstein's 2013 tax returns. Accordingly, not only did Finkelstein prepare misleading tax returns, but he did so in service of his efforts to prevent the Readmission Committee from learning about his work with Attorney-1, a fact which Finkelstein repeatedly lied about when seeking readmission to the New York Bar. (*See* ECF No. 102, Government Sentencing Submission, at 4-5).

           Respectfully submitted,

           DAMIAN WILLIAMS
           United States Attorney

By:   _____
           Rushmi Bhaskaran
           Assistant United States Attorney
           (212) 637-2439

cc:  David Bertan, Esq. (by ECF and email)