# DAVID K. BERTAN
ATTORNEY AT LAW
41 EAST 11TH STREET, 11TH FLOOR
NEW YORK, NEW YORK 10003

(718) 742-1688
E-MAIL: DBERTAN@YAHOO.COM

August 2, 2023

**Via ECF**

Hon. Paul G. Gardephe, United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    USA v. Stuart Finkelstein
                Docket No. 21-Cr-217 (PGG)

Dear Judge Gardephe:

      The following is our reply to certain contentions in the Government's sentencing memorandum dated July 26, 2023.

      First, the Government refuses to acknowledge the significance of Mark Cohen's status as an unindicted co-conspirator. Simply because the Government does not consider Cohen to be a co-conspirator does not mean he isn't one. Instead, it is beyond credulity to think that an experienced attorney would file 280 ADA lawsuits without once meeting with, or even speaking with, the nominal plaintiff. Mark Cohen's self-serving statement that he did not know what Mr. Finkelstein was doing is not credible. Even if this unbelievable statement is credited, however, the law is clear: an unindicted co-conspirator cannot escape criminal liability by stating they did not know what was going on. *See, U.S. v. Avenatti,* 19-cr-373 (PGG) at Dkt. No. 341. Given the facts of this case, Mark Cohen was an unindicted co-conspirator. His status as an unpunished, unindicted co-conspirator is a fact this Court can consider in determining Mr. Finkelstein's sentence.

      With regard to the Government's claim that Mr. Finkelstein improperly used Mr. Figueroa's medical information, while Mr. Finkelstein admits he did not have

Hon. Paul G. Gardephe, United States District Judge
August 2, 2023
Page 2 of 4

Mr. Figueroa's permission to file ADA lawsuits, he had multiple powers of attorney allowing Mr. Finkelstein to use his medical information.

The Government also coldly dismisses, without support, our argument that given Evelyn Finkelstein's health issues, Mr. Finkelstein should be sentenced to a term of home confinement instead of prison. While family circumstances do not ordinarily warrant a variance in sentencing, it is settled law that exceptional family circumstances do support a variance. For example, in *U.S. v. Holz,* 2004 WL 3008753 (6th Cir. 2004), the Sixth Circuit noted the defendant's wife's continuing mental health issues in determining that "where the Defendant is uniquely able to care for his wife, who has documented mental health problems, and where that Defendant's wife cannot be cared for by [others], the defendant may be entitled to downward departure." *Id.* at 10. *cf. U.S. v. Jaffe,* 2004 314 F.Supp.2d 216 (S.D.N.Y. 2004) (finding defendant's caretaker argument unpersuasive where person cared for was an adult woman with previous successful employment history, lavish lifestyle, and clean bill of health).



Regarding Mr. Finkelstein's own age and health conditions, the Government gives little consideration to his advanced age and current medical problems. Federal courts have routinely imposed below-Guidelines sentences for older defendants, health and medical conditions aside. As noted in *U.S. v. Birkett,* 2006 WL 2819663 (SDNY 2006), the Court found that courts have declined to impose Guideline sentences on older defendants, citing the Sentencing Commision's conclusion that

recidivism decreases as age increases. *See also U.S. v. Nellum,* 2005 WL 3000073 (ND Ind. 2005) (imposing 108 month sentence on 57 year old defendant where Guidelines sentence was 168 months). Clearly, given Mr. Finkelstein's age, he is extremely unlikely to re-offend, and a below-guidelines sentence would be appropriate.

Finally, in the event this Court sentences Mr. Finkelstein to prison, he respectfully requests that his surrender date be set six months after sentencing. This would allow him to have the remaining surgeries he needs as a result of his car accident, and would allow his son, Benjamin, to assume care for Ms. Finkelstein. This request is directly in line with *U.S. v. Bueno*, 2010 WL 2228570 (SDNY 2010) and *U.S. v. Kloda*, 133 F.Supp.2d 345 (SDNY 2001).

In *Kloda,* the Court deferred the defendant's prison surrender date six months from the time of sentencing because of the undue hardship that would inure to the family if ample time was not given to the defendant regarding his familial obligations. *See Kloda*, 133 F.Supp.2d at 349. Specifically, the defendant required time for her five-year-old child to complete her semester in the school that she attended. *Id.* The Court considered the defendant's status as the child's caretaker and financial provider. *Id.* The Court held that a reasonable period of deferment would allow for the avoidance of severe hardship the defendants family while also still assuring that the goals of sentencing and deterrence were appropriately met through the term of imprisonment. *See id*; *see also U.S. v. Bueno*, 2010 WL 2228570 at *2 (SDNY 2010) (where the Court sentenced the defendant to 24 months imprisonment and deferred the prison surrender date for 36 months from the date of the judgment[1] so that the defendant could care for her dependent and where the deferral time would allow the alternate caregiver time to become appropriately qualified to assume the duty once the defendant was imprisoned).

Here, care for Mrs. Finkelstein is of great concern. As noted in our sentencing memo and above, Mr. Finkelstein's unique caretaker status for his wife is an exceptional circumstance that warrants home confinement and/ or a variance. In the event that the Court only partially agrees (i.e., that a variance is warranted but still orders a period of imprisonment), Mr. Finkelstein respectfully requests that the Court defer the start of the prison term for six months.

---

[1] The Court included a requirement that the defendant report in person to the Court every six months during the deferral to inform the Court of the status of the caretaker situation. *See Bueno*, 2010 WL 2228570 at *4.

The only possible alternative for Ms. Finkelstein's care is that Mr. Finkelstein's son care for his mother. ███████████████

He also has no money, having only recently taken the Florida Bar Exam and will not be in a position to financially help himself or his mother for at least another 6-8 months. As noted previously, Mr. Finkelstein's social security benefits are currently supporting him and his wife. Further, as Mrs. Finkelstein's letter makes clear, her husband is uniquely qualified to care for her. Accordingly, in line with *Kloda* and *Bueno*, Mr. Finkelstein respectfully requests that if the Court does order any term of imprisonment, the surrender date be deferred for six months. This will allow Mr. Finkelstein to undergo the surgery he needs before entering the BOP. This would also save the Government money and resources as Mr. Finkelstein would get the treatment he needs outside before coming under the custody and care of the BOP. This brief deferment would also allow Mr. Finkelstein's son the requisite time to become appropriately qualified to care for Mrs. Finkelstein, both financially and physically. Until such time as Benjamin is done studying, is working, and has some financial resources, imprisonment of Mr. Finkelstein would do irreparable damage to the health and well-being of Mrs. Finkelstein. This brief deferment, if a term of prison is ordered at all, would make sure that Mrs. Finkelstein suffers as little as possible. Mr. Finkelstein will still serve his sentence, with no prejudice to the Government.

Very truly yours,

David K. Bertan, Esq.

cc: AUSA Rushmi Bhaskaran