**DAVID K. BERTAN**
ATTORNEY AT LAW
41 EAST 11TH STREET, 11TH FLOOR
NEW YORK, NEW YORK 10003

(718) 742-1688
E-MAIL: DBERTAN@YAHOO.COM

August 2, 2023

**Via ECF**

Hon. Paul G. Gardephe, United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    USA v. Stuart Finkelstein
             Docket No.  21-Cr-217 (PGG)

Dear Judge Gardephe:

      The following is our reply to the Government's letter, filed today, regarding Mr. Finkelstein's re-admission to the New York State Bar.  In response to Mr. Finkelstein's objection to paragraph 24 of the PSR, where it was claimed he litigated matters in Florida, the Government contends that Mr. Finkelstein litigated matters in Florida by acting as an ADA expert and negotiating settlements.  While there is evidence that Mr. Finkelstein violated the order of disbarment, even the Government admits Mr. Finkelstein never had direct communications with opposing counsel.  Mr. Finkelstein never held himself out as an attorney, did not claim to be admitted in Florida, and never signed any litigation documents.  However, Mr. Finkelstein does recognize he should not have assisted Mark Cohen's ADA practice such that there could be even an intimation he was practicing law.

      Mr. Finkelstein candidly admits he did not disclose his work for Mark Cohen when he applied for readmission to the New York Bar.  He acknowledges this lapse showed extremely poor judgment, and, as the Court will hear directly from him, is extremely remorseful regarding this conduct and his actions in regards to the charges themselves.

Hon. Paul G. Gardephe, United States District Judge
August 2, 2023
Page 2 of 2

Regarding the tax issue, the Government claims Mr. Finkelstein failed to report the income received from his ADA work in 2013. This is incorrect.

Mr. Finkelstein reported the 2013 ADA income on the Best Valet, LLC tax returns. The exhibits (the exhibits will be filed under seal because they contain personal identification information) to this letter shows Mr. Finkelstein filed two tax returns in 2013. The Government omits one of those returns. The LLC was Mr. Finkelstein's business operating account; it was created in 2008 when Mr. Finkelstein started a valet business. Mr. Finkelstein filed both a personal return with his wife and a business return for the LLC. He continued to file that way through 2015. The 2013 tax return for the LLC clearly shows the $35,835.20 he received from Mark Cohen. That tax return contains his correct social security number and includes the income from Mark Cohen.

The Government also takes issue with Mr. Finkelstein's use of a carry-over loss of $215,524 from 2012 through 2013. That carry-over was a proper use of business losses. In 2010, Mr. Finkelstein purchased a car wash in Florida, using his home as collateral for the purchase price. Within one year, that business failed, and Mr. Finkelstein sustained over $300,000 in losses. When a loss is reported on a tax return, it is carried over for subsequent years until the loss amount is offset. In light of the foregoing, we renew our objection to the PSR that to the best of his recollection, Mr. Finkelstein reported all of his income, from all sources, in 2013 but may not have specifically ascribed the source of the income.

Very truly yours,

David K. Bertan, Esq.

cc: AUSA Rushmi Bhaskaran (via ECF and Email)