

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

July 2, 2024

**BY ECF**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *United States v. Stuart Finkelstein*, 21 Cr. 217 (PGG)

Dear Judge Gardephe:

The Government respectfully submits this opposition in the above-captioned matter in response to defendant Stuart Finkelstein's *pro se* motion for a reduction of his 48-month sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. No. 115).

The defendant's motion seeks a sentence reduction through the retroactive application of United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") Amendment 821, which took effect on November 1, 2023. Here, the motion rests on Part B, Subpart 1, which creates a new provision, Section 4C1.1, which provides a two-level downward adjustment in offense level for certain offenders who present zero criminal history points and are not subject to any of the ten exclusionary criteria listed in the new U.S.S.G. § 4C1.1. A defendant is generally eligible for potential relief if, as a result of Amendment 821, the defendant's amended Guidelines range is lower than the range that applied at the defendant's original sentencing, *and if* the defendant did not already receive a sentence lower than the amended range on any ground other than substantial assistance. For the reasons set forth below, the defendant's motion should be denied.

Section 3582(c)(2), which governs the defendant's motion, "establishes a two-step inquiry. A court must first determine that a reduction is consistent with Section 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010). Under application note 1(A) to Section 1B1.10: "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance)."

Assuming *arguendo* that the defendant qualifies for potential relief, the Court should nevertheless deny the motion.[1]  Where a defendant qualifies, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted."  U.S.S.G. § 1B1.10 app. note 1(B)(i); *see also* U.S.S.G. §1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right.").  The Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence.  In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. *See, e.g.*, *United States v. Darden*, 910 F.3d 1064, 1068 (8th Cir. 2018).

Accordingly, courts in this district have denied sentence reductions under Amendment 821 when the Section 3553(a) factors still supported the original sentence imposed.  *See, e.g.*, *United States v. Hernandez*, No. 21 Cr. 519 (CS), Dkt. #65, at *1 (S.D.N.Y. Apr. 23, 2024) ("The conduct . . . is just too serious, particularly in the absence of any particularly mitigating factors.  The factors that drove me to conclude that 63 months is the minimum that would serve the purposes of sentencing have not changed."); *United States v. Calk*, No. 19 Cr. 366 (LGS), Dkt. No. 318, at *2-3 (S.D.N.Y. Mar. 4, 2024) ("For the reasons expressed at Defendant's initial sentencing hearing, the previously imposed sentence is the minimum sentence necessary" to meet 18 U.S.C. § 3553(a)(2)(A)-(B))*; United States v. Crute*, No. 19 Cr. 816 (VB), Dkt. No. 78, at *2 (S.D.N.Y. Feb. 20, 2024) ("To reduce Crute's term of imprisonment now, simply because his criminal history category no longer takes into account the fact that he was on supervised release at the time of the offense, would surely promote disrespect for the law and would also disrespect the views of Crute's victims.  This is not a step the Court is willing to take."); *United States v. Khaziran*, No. 21 Cr. 603 (VEC), Dkt. No. 1247, at 3 (S.D.N.Y. Jan. 17, 2024) ("Defendant urges the Court to reduce his sentence by six months primarily because he has been a 'model inmate,' promptly took responsibility for his actions, has strong family connections, and is unlikely to reoffend.  The Court commends Defendant for his good behavior and employment while incarcerated.  Those factors are not enough, however, to justify a reduction of sentence in this case." (citations omitted)).[2]

---

[1]   The amended Guidelines range is 41 to 51 months' imprisonment.  The Government conferred with the Probation Department, which agreed that the amended Guidelines range listed in the Supplemental Presentence Report of 41 to 58 months' imprisonment was an error.

[2]   Many courts have likewise denied sentence reductions when previous Guideline amendments lowered the applicable sentencing ranges.  *See, e.g.*, *United States v. Wilson*, 716 F.3d 50, 53 (2d Cir. 2013) (denial of sentence reduction was not an abuse of discretion, although earlier sentence reduction had been granted despite defendant's prison misconduct, and defendant had not engaged in any new prison misconduct); *United States v. Styer*, 573 F.3d 151, 154-55 (3d Cir. 2009) (denial based on nature of original criminal conduct); *United States v. Stevenson*, 332 F. App'x 261, 262-63 (6th Cir. 2009) (reduction denied despite eligibility under amendment, based on disciplinary infractions in prison, and lengthy criminal record); *United States v. Dunn*, 728 F.3d 1151, 1160 (9th Cir. 2013) (reduction denied where, among other things, "the original sentence was needed to afford adequate deterrence" (internal quotation marks omitted)); *United States v. Arceneaux*, 297 F. App'x 819, 821 (10th Cir. 2008) (reduction denied due to disciplinary record in prison); *United*

Here, considering all facts and circumstances, the Court should deny the defendant's motion. As the Court previously concluded, the defendant committed an especially serious offense and the original sentence is necessary to reflect the seriousness of the crime. Between 2013 and 2019, the defendant filed more than 280 Americans With Disabilities Act ("ADA") lawsuits. The defendant's fraud also involved repeated lies to the courts, to the ADA defense bar, and to the victims whose identities he stole. For example, when the defendant was deposed in 2015 in connection with his application for reinstatement to the New York bar, the defendant lied about the fact he was engaged in legal work, while he "was in the midst of committing massive fraud, using [another lawyer] as his conduit, to file hundreds of fraudulent ADA lawsuits, forging countless signatures and generating hundreds of thousands of dollars in attorneys' fees." *See* Sentencing Transcript ("Sent. Tr."), ECF No. 112, at 42. After fraudulently obtaining his law license in New York, the defendant continued his fraud in New York with a new victim. The Court rightly concluded that the defendant's conduct "presents an existential threat to our justice system." *Id.* at 48.

The Court's original sentence continues to be necessary to promote respect for the law. The fraudulent filing of hundreds of lawsuits undermines the ADA and promotes cynicism about ADA plaintiffs and lawsuits. As the Court previously found, "[o]ur justice system would collapse absent the good faith of the lawyers who serve the court and who are officers of the court." *Id.* In fashioning its sentencing, the Court noted that "[n]o judge could function if he or she had to determine whether every signature on a settlement agreement or declaration or some other key document was forged." *Id.* This Court's original sentencing effectively sent a strong message that fraudulent use of legislation will be met with a significant sentence.

The Court's original sentence continues to be necessary for deterrence and to protect the public from the defendant's crimes. As the Court previously concluded, "there is a high risk of recidivism here." *Id.* at 51. The defendant's conduct was "well beyond the pale." *Id.* at 49. Even the defendant's prior disbarment, before he engaged in this significant fraud, failed to deter the defendant. Accordingly, the defendant's years of lies and deceit posed—and continue to pose—a significant threat to judicial system, and the existing sentence is necessary for specific deterrence. Given the nature of the defendant's crime, the Court's sentence is also necessary for general deterrence. In imposing its original sentencing, the Court noted the "need to impose a sentence that sends a very clear message to other unethical lawyers that this sort of conduct will not be tolerated and if detected, it will be punished severely." *Id.* at 51. That need continues with equal force today.

---

*States v. Suell*, No. 99 Cr. 324, 2008 WL 2845295, at *3 (N.D. Tex. July 17, 2008) (motion denied because defendant benefitted from a favorable plea agreement in which charges were dismissed and the sentence was reduced); *United States v. Reynolds*, No. 95 Cr. 71, 2008 WL 2367254, at *3 (S.D. W. Va. June 9, 2008) (motion denied because defendant's criminal conduct was "nothing short of egregious"), *aff'd*, 309 F. App'x 703 (4th Cir. 2009); *United States v. Melton*, No. 98 Cr 50, 2008 WL 1787045, at *2 (W.D.N.C. Apr. 17, 2008) (denial based on nature of offense); *United States v. Craig*, No. 96 Cr. 105, 2008 WL 1775263, at *2 (W.D.N.C. Apr. 15, 2008) (denial based on the facts of the case).

The defendant cites his "advanced age and continually worsening health" as a relevant factor in arguing for a reduction in his sentencing.[3]  *See* ECF No. 115, at 4.  However, the original plea offer and sentence accounted for any mitigating factors.  The defendant's plea agreement, for example, dropped a Section 1028A charge that carried a two-year mandatory minimum.  And in imposing its original sentence, the Court already considered the defendant's physical and mental health, and imposed a modest variance from the original Guidelines range.  *See* Sent. Tr., at 46-47, 56.  While the defendant references his "clear conduct," self-improvement, and avoidance of disciplinary citations while in custody (*see* ECF No. 115, at 16-17), good behavior in prison is expected and does not diminish the severity of the defendant's crimes.[4]

---

[3]   Finkelstein also complains about the quality of his medical care in prison.  *See* ECF No. 115, at 17.  However, his medical records indicate that he is regularly seen by his facility's medical team, including by specialists.

[4]   The Government also respectfully submits that, if the Court is inclined to grant the defendant's motion, it should first provide an opportunity for any victim(s) of the defendant's crime(s) to be heard.  Under the Crime Victims' Rights Act, victims have "[t]he right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding."  18 U.S.C. § 3771(a)(4) (emphases added); see also Fed. R. Crim. P. 60(a)(3).  Although the Court may decide this motion without holding a "public proceeding," we believe that, at least in this circumstance, effectuating fully the purpose of the statute—particularly in light of its references to "release," "sentencing," and "parole proceedings"—counsels in favor of affording victims the ability to be heard.  Furthermore, Section 3582(c) appears to contemplate considering the view of victims, because it authorizes the Court to reduce a sentence only "after considering the factors set forth in section 3553(a)."  18 U.S.C. § 3582(c)(1)(A) and (2).  As the Court knows, § 3553(a) lists among sentencing factors: "the nature and circumstances of the offense," which often involve harm to victims, as well as "the need to provide restitution to any victims of the offense."  Id. § 3553(a)(1), (7).  Unless victims are permitted to make their views known, the Court will not have as full an understanding of the nature of the offense, the injury it caused to other people, and whether those people have been made whole.  If the Court so requests, the Government will endeavor to contact any victims promptly and advise them that they may be heard on this motion.

Accordingly, for the reasons set forth below, the Court should deny the defendant's motion.


Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: s/ _____
Rushmi Bhaskaran
Assistant United States Attorney
(212) 637-2439

cc:    Stuart Finkelstein (by certified mail and ECF)